BUSH v. STATE. (Court of Criminal Appeals of Texas. Jan. 18, 1911.) Appeal from District Court, Ellis County; F. L. Hawkins, Judge. W. B. Bush was convicted of crime, and he appeals. Affirmed. John A. Mobley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This record is before us, without a statement of the facts, or bills of exception, or motion for new trial. As presented, there is nothing in the record which authorizes a revision. Therefore the judgment is ordered to be affirmed.

Ex parte COOK. (Court of Criminal Appeals of Texas. Jan. 25, 1911.) Appeal from Criminal District Court, Dallas County; Robert B. Seay, Judge. Application by V. A. Cook for a writ of habeas corpus. From an order denying application, he appeals. Affirmed. Lively, Nelms & Adams, for appellant. John A. Mobley, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The record in this cause shows that the relator was indicted in the proper court of Dallas county for the murder of W. B. Cook. On hearing before the district judge, on a writ of habeas corpus, the judge denied him bail and remanded him to the custody of the sheriff. We have carefully examined the record in this case, and have reached the conclusion that the district judge did not err in refusing bail. The judgment of the district court will be affirmed.

ROBINSON v. STATE. (Court of Criminal Appeals of Texas. Jan. 11, 1911.) Appeal from Tarrant County Court; John L. Terrell, Judge. Monroe Robinson was convicted of aggravated assault, and he appeals. Affirmed. John A Mobley, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of aggravated assault, and his punishment assessed at six months' imprisonment in the county jail. There is neither statement of facts nor bills of exceptions contained in the record, and the matters urged in the motion for a new trial are not reviewable, in the absence of statement of facts and bills of exceptions. The judgment is therefore affirmed.

PRENDERGAST, J., not sitting.

Ex parte YOUNG. (Court of Criminal Appeals of Texas. Jan. 25, 1911.) Appeal from District Court, Milam County; J. C. Scott, Judge. Application by Howard Young for writ of habeas corpus. From an order denying the application, relator appeals. Reversed, and relator released on bail. R. Lyles and M. G. Cox, for appellant. John A. Mobley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator was indicted for the murder of his father. There was a trial before a jury. That body failed to agree. The relator then applied for bail under a writ of habeas corpus. On hearing the court remanded him to custody without bond. The case is before us on appeal from this decision of the trial court. The statement of facts is rather voluminous. After a careful reading and weighing of the testimony, we are of opinion that the relator is entitled to bail. Following the practice of this court in this respect, we pretermit a discussion of the evidence, or give any reasons for the conclusion we have reached. The case is to be tried again by a jury. In reversing the judgment of the court below, we fix bail in the sum of $5,000, upon the giving of which by relator in the terms required by law he will be released from custody; and it is so ordered.

HOUSTON & T. C. R. CO. v. BUCHANAN et al.† (Court of Civil Appeals of Texas. Dec. 14, 1910. Rehearing Denied Feb. 1, 1911.) Appeal from District Court, Waller County; Wells Thompson, Judge. Action by A. F. Buchanan and others against the Houston & Texas Central Railroad Company. Judgment for plaintiffs, and defendant appeals. Affirmed. See, also, 107 S. W. 595. Baker, Botts, Parker & Garwood and W. B. Garrett, for appellant. R. E. Hannay and Meek & Highsmith, for appellees.

KEY, C. J. In this suit the plaintiffs sought to recover damages from the defendant in the sum of $29,000, on account of damages to their crops, caused by the overflow of their farm on the Brazos river during the high rise and overflow of that river on June 2, 1908. The defendant was charged with several acts of negligence, stated as follows in appellant's brief: "It is alleged appellant constructed a bridge over the river, and constructed stone abutments on the east and west banks, and two stone piers in the river, for the bridge to rest on; that the natural channel of the river at the bridge is about 595 feet wide; that the land on the west side of the river is high, and for two miles on the east is low Brazos bottom land; that on the west side there is an embankment approaching the bridge, about 15 feet high at the abutment, and extends west about 150 feet, with no culverts, and when the river gets nearly bank full the said approach becomes an obstruction, and retards the flow of the water in the river; that the defendant negligently and unskillfully built said approach and abutment on the west side too far into the natural channel of the river, and negligently and unskillfully failed to leave culverts for the free flowing of the water; that defendant was guilty of negligence in constructing the two piers in the river, because they are a serious obstruction to the natural flow of the water, for the reason that the Brazos river drains a large portion of Texas, and is subject to frequent overflows, and large trees and drift flow down the stream, and are unable to pass under said bridge and between said piers, and especially the east pier, causing large drift to form against the said pier, which obstructs and retards the water, and the waters on said date were held at said point, and were forced upon the lands cultivated by plaintiffs. It is also alleged that appellant negligently constructed a breakwater in said river in 1907, about 400 or 500 yards south of the bridge over the river, whereby the water in the river was impeded, and the water held and prevented from flowing. It is also alleged that the defendant had constructed a stone abutment on the east bank of the river at a point about 90 feet west from the east bank, 'extending about 90 feet into the channel thereof,' said embankment being about 20 feet high, and about 15 feet wide; that there were no culverts in the same; that the distance from the prairie to the river is about 2 miles, and the defendant's track is on an embankment, varying in height from 4 to 15 feet; that in said embankment there are not sufficient culverts 'to permit the waters that fall on the north side of the defendant's railroad that naturally drain in a southerly, southeasterly, and southwesterly direction, to pass unobstructed,' and especially the flood waters that leave the channel during an overflow; 'that in the building of said abutment out into the natural channel of said river, and in filling the space between the abutment and the piers with sand, gravel, and rock, * * * and in building the breakwater, * * * and in constructing said roadbed and embankment from said river east over said level, and in failing to put in necessary culverts, and in failing to leave openings and drains for the passage of water as it would

† Writ of error denied by Supreme Court.